IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CLARENDON NATIONAL INSURANCE COMPANY,

       Plaintiff,

v.

AMERITEMPS, INC.;
NORTH COAST EMPLOYEE LEASING, INC.;
KYLE ROWE;
JERRY L. WALL;
ALICE WALL;
THE ESTATE OF JERRY WALL, through Alice Wall, guardian;
ANTHONY J. HURTADO; and
GEORGE E. MARTIN,

       Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Clarendon National Insurance Company ("Clarendon"), through its counsel, for its complaint for declaratory and other relief against Defendants Ameritemps, Inc., North Coast Employee Leasing, Inc., Kyle Rowe, Jerry L. Wall, The Estate of Jerry Wall, Alice Wall, Anthony J. Hurtado, and George E. Martin, states as follows:

       **I.**    **PARTY ALLEGATIONS**

1. Clarendon is a New Jersey insurance company with its principal place of business in New York City, New York.

2. Ameritemps, Inc. is an Ohio corporation registered to do business in Colorado ("Ameritemps").

3. While Ameritemps may claim it has been doing business as Ameristaff prior to March 9, 2006, it registered Ameristaff, Inc. with the Colorado Secretary of State on that date.

4. Ameritemps and Ameristaff may be separate entities, but are alter egos of each other, and do not maintain two separate and independent corporate forms. Indeed, Ameristaff, Inc., on March 9, 2006, registered Ameritemps, Inc., as its "true name."

5. North Coast Employee Leasing, Inc. is an Ohio corporation that is not registered to do business in Colorado ("North Coast"). North Coast was formerly known as "Ameritemps – Industrial, Inc."

6. Ameritemps, Ameristaff, and North Coast employ persons who are then loaned and transported to third parties to provide labor for the third parties.

7. Upon information and belief, Ameritemps, Ameristaff, and North Coast are alter egos of each other, and may not maintain separate and independent corporate forms.

8. Defendant Kyle Rowe ("Mr. Rowe") is a Colorado resident who is or was an employee of Ameritemps.

9. Defendant Jerry L. Wall ("Mr. Wall") is a Colorado resident, with a last known address of 1681 Wadsworth Boulevard, #2, Lakewood, Colorado 80214.

10. The Estate of Jerry Wall is, upon information and belief, an estate with Alice Wall as its guardian.

11. Alice Wall is the wife of Jerry Wall. She is believed to be a Colorado resident with the same last known address as Wall.

12. Defendant Anthony J. Hurtado ("Mr. Hurtado") is a Colorado resident, with a last known address of 4325 West Center Avenue, Denver, Colorado 80219.

13. Defendant George E. Martin ("Mr. Martin") is a Colorado resident, with a last known address of 933 Clay Way, Denver, Colorado 80204.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the parties to this action, as all Defendants are Colorado residents, are registered to do business in Colorado, or, in the case of North Coast, purport to have engaged in business in Colorado. *See* § 13-1-124, C.R.S.

15. This Court has jurisdiction over the claims raised in this action, as the claims in the underlying Lawsuits described below exceed $75,000, and there is diversity between Plaintiff and Defendants. *See* 28 U.S.C. § 1332.

16. The Court further has jurisdiction over this case pursuant to 28 U.S.C. §§ 2201, et seq., and Fed. R. Civ. P. 58, regarding declaratory judgment actions.

17. Venue is proper in this Court, as the state court actions underlying this case are pending in the state of Colorado, and several Defendants are residents of the state of Colorado. *See* 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

A. **THE POLICY**

18. Clarendon issued a commercial auto insurance policy, with a Policy Number of DSHN00002250, listing both Ameritemps and North Coast as its named

-3-

insureds. The Policy is attached hereto and incorporated herein as <u>Exhibit 1</u> (the "Policy").

19. The Policy period is from September 23, 2005 to September 23, 2006.

20. Ameristaff, Inc. is not a named insured under the Policy.

21. The Policy's terms do not distinguish between the named Ameritemps entities (including North Coast, which is a named insured under the Policy) or their employees.

**B.   THE UNDERLYING INCIDENT**

22. On December 30, 2005, an Ameritemps van driven by Mr. Rowe, an Ameritemps employee, was involved in an accident with two other vehicles (the "Incident").

23. Mr. Wall, Mr. Hurtado, and Mr. Martin were all passengers in the Ameritemps van.

24. Mr. Wall, Mr. Hurtado, and Mr. Martin are, or were at the time of the Incident, employees of Ameritemps.

25. Clarendon provided coverage for the third party claims of the other vehicles (and their passengers) involved in the Incident.

26. On the date of the Incident, Ameritemps employed Mr. Wall, Mr. Hurtado, and Mr. Martin, and had arranged for their transportation to BFI in Golden, Colorado for work.

27. Ameritemps provided for and or arranged for the transportation of Mr. Wall, Mr. Hurtado, and Mr. Martin during their employment, and was transporting them back to a central Ameritemps location at the time of the Incident.

28. The driver of the Ameritemps vehicle (Mr. Rowe), Mr. Wall, Mr. Hurtado, and Mr. Martin were all in the course and scope of their employment at the time of the Incident.

29. Nevertheless, Ameritemps has attempted to claim the employees were employees of North Coast, that North Coast is an entirely separate entity from Ameritemps, that worker's compensation does not apply, and that the Policy provides coverage for all claims arising out of the Incident.

30. The Policy makes no such distinctions between the Ameritemps entities or their employees.

### C. THE LAWSUITS

31. Mr. Wall, the Estate of Jerry Wall, and Alice Wall (collectively, "Wall") filed a lawsuit concerning the Incident against Ameritemps and Rowe in the Denver County, Colorado District Court, Case No. 06CV4972.

32. Mr. Hurtado filed a lawsuit concerning the Incident against Ameritemps and Rowe in the Denver County, Colorado District Court, Case No. 06CV2173.

33. Mr. Martin filed a lawsuit concerning the Incident against Ameritemps and Rowe in the Denver County, Colorado District Court, Case No. 06CV1666.

34. Ameritemps tendered one or more of the suits (the "Lawsuits") to Clarendon, seeking both a defense and coverage for the claims raised therein.

### D. AMERITEMPS' LACK OF COOPERATION AND MISREPRESENTATIONS

35. Cooperation with Clarendon and its claim investigation is required under the Policy, Section IV, "Business Auto Conditions", A. "Loss Conditions", 2. "Duties In

The Event Of Accident, Claim, Suit Or Loss": "b. Additionally, you and any other involved "insured" must: 3. Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'."

36. In connection with its application and Clarendon's review of Ameritemps' business practices, Ameritemps (including North Coast, as it is also a named insured under the Policy) represented it provides worker's compensation coverage for all of its employees. Further, it represented Ameritemps provides transportation to all employees (as it did on the date of the collision underlying this incident), and that the vans are used solely for business purposes.

37. Specifically, in connection with Clarendon's review of its coverage of Ameritemps, Ameritemps represented:

    a. Ameritemps and the insureds provide all of their workers' insurance;

    b. Ameritemps and the insureds maintain workers' compensation and general liability insurance;

    c. Ameritemps provides transportation to and from their customers' place of business with company vans; and

    d. No personal use of the vans is permitted.

38. Ameritemps has, since the accident, taken a different position:

    a. claiming the passenger-employees are unrelated to and not employees of Ameritemps;

    b. asserting (at times) that the employees' claims are not covered by worker's compensation; and

      c.      asserting that Ameritemps did not transport its employees from the customer's place of business or transport the passengers for business purposes at the time of the incident.

39. Upon information and belief, North Coast may not have worker's compensation coverage, as Mr. Wall, Mr. Hurtado, and Mr. Martin have sought coverage under Ameritemps' worker's compensation policy.

40. Because Ameritemps/North Coast have taken the differing positions set forth above, and now suggest Mr. Wall, Mr. Hurtado, and Mr. Martin were, at the time of the incident, North Coast employees, its false representations similarly void coverage.

41. Ameritemps has also failed to cooperate with Clarendon's investigation of this claim by conduct, including but not limited to, failing to timely agree to provide sworn statements (and only later agreeing to provide a statement under certain conditions), failing to provide complete information to Clarendon, and failing to fully respond to Clarendon's questions raised in connection with Clarendon's investigation into the Incident, the named insureds' business and claims practices, and the employees in the Ameritemps vehicle.

### E. THE POLICY'S EXCLUSIONS EXCLUDE COVERAGE

42. The Policy has several exclusions which specifically eliminate coverage in these circumstances.

43. Under Exclusion 3, "Worker's Compensation", the Policy does not apply to:

> Any obligation for which the "insured" or the "insured's insurer may be held liable under any worker's compensation, disability benefits or unemployment compensation law or any similar law.

44. Based on the worker's compensation exclusion, there is no coverage for Wall, Mr. Martin, or Mr. Hurtado's Lawsuits or claims arising out of the Incident (*see* Policy, Exclusion 3), as, at the time of the Incident, Ameritemps had in place a worker's compensation policy. Since Mr. Wall, Mr. Hurtado, and Mr. Martin were employees of Ameritemps at the time of the Incident, Ameritemps' worker's compensation policy, and not Clarendon's Policy, would apply.

45. Under Exclusion 4, "Employee Indemnification And Employer's Liability", the Policy does not apply to:

> "Bodily injury" to:
>
> a. An "employee" of the "insured" arising out of and in the course of:
> (1) Employment by the "insured"; or
> (2) Performing the duties related to the conduct of the insured's business …

46. Based on the employment exclusion, there is no coverage for Wall, Mr. Martin, or Mr. Hurtado's Lawsuits or claims arising out of the Incident, as they were, at the time of the Incident, employees of Ameritemps and or performing duties related to the conduct of Ameritemps'/North Coast's business. *See* Policy, Exclusions 4.

47. Under Exclusion 5, "Fellow Employee," the Policy does not provide coverage for:

> "Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

48. Based on the fellow employee exclusion, there is no coverage for Wall, Mr. Martin, or Mr. Hurtado's Lawsuits or claims arising out of the Incident, as, at the time of the Incident, Mr. Rowe was a fellow employee, and they were employees of

Ameritemps and were performing duties related to the conduct of Ameritemps'/North Coast's business. *See* Policy, Exclusion 5.

49. Even if, as Defendants may contend, Mr. Wall, Mr. Hurtado, and Mr. Martin were employees of North Coast, the exclusions still apply, as North Coast is a named insured under the Policy, the Policy does not distinguish between employees of the named insureds, and, as such, the Policy's exclusions apply to them.

50. Based on the alter ego doctrine, Mr. Wall, Mr. Hurtado, and Mr. Martin are employees of Ameritemps, and there is no coverage for Wall, Mr. Martin, or Mr. Hurtado's Lawsuits or claims arising out of the Incident.

51. Based on Ameritemps failure to cooperate, there is no coverage for Wall, Mr. Martin, or Mr. Hurtado's Lawsuits or claims arising out of the Incident. *See* Policy, Section IV, "Business Auto Conditions", A. "Loss Conditions", 2. "Duties In The Event Of Accident, Claim, Suit Or Loss": b. 3.

52. Under Section IV, BUSINESS AUTO CONDITIONS, B. General Conditions, 2. Concealment, Misrepresentation Or Fraud, the Policy states:

> This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning: a. This Coverage Form; … .

53. Based on Ameritemps' misrepresentations of itself, its related companies, and their practices in connection with its coverage, all as set forth in ¶¶ 33-37 above, the Policy is void, and there is no coverage for Wall, Mr. Martin, or Mr. Hurtado's Lawsuits or claims arising out of the Incident. *See* Policy, Section IV, BUSINESS AUTO CONDITIONS, B. General Conditions, 2.

54. Accordingly, on February 16, 2006 (and in subsequent correspondence), Clarendon sent a letter to Ameritemps denying coverage for the claims, but notifying Ameritemps it is still investigating the claims and coverage issues raised thereby.

55. Clarendon has made clear that it would review any additional factual information and or documents the insureds wanted Clarendon to consider. To date, Clarendon has received no further information or documentation from Ameritemps.

### FIRST CLAIM FOR RELIEF
(Declaratory Judgment)

56. Clarendon incorporates the above allegations herein by reference.

57. The Declaratory Judgment Act and Fed. R. Civ. P. 58 allow the Court to determine the respective rights and duties of the parties.

58. Under the Policy provisions and exclusions referenced above, there is no coverage for any possible claims of Wall, Mr. Martin, or Mr. Hurtado arising out of the Incident or Lawsuits.

59. Clarendon thus seeks a declaration that it has no duty to defend or to indemnify Ameritemps or North Coast or Rowe in relation to Wall, Mr. Martin, or Mr. Hurtado's claims related to the Incident.

WHEREFORE, Plaintiff Clarendon seeks the following relief:

1. A declaration adjudging that it owes no duty to defend or to indemnify Ameritemps or North Coast or Rowe in connection with Wall, Mr. Martin or Mr. Hurtado's Lawsuits or claims arising out of the Incident; and

2. For any such other and further relief as the Court deems appropriate.

-10-

DATED: August 10, 2006.

By:    <u>s/ Christian H. Hendrickson</u>
     Mark W. Williams, Esq. (Reg. #15304)
     Christian H. Hendrickson, Esq. (Reg. #32225)
     CAGE WILLIAMS, P.C.
     1433 17th Street
     Denver, Colorado 80202
     Telephone: (303) 295-0202
     Facsimile: (303) 297-2220
     E-mail: <u>mwilliams@CageWilliams.com</u>
     E-mail: <u>chendrickson@CageWilliams.com</u>
     *Attorneys for Plaintiff*

<u>Plaintiff's Address</u>:
Clarendon National Insurance Company
7 Times Square, 37th Floor
New York, NY 10036

-11-